UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL R. GOODMAN,<br><br>                 Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, [1]<br><br>                 Defendant. | CASE NO. 2:16-cv-01051 JRC<br><br>ORDER TO DISMISS FOR LACK OF PROSECUTION |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 8; Consent to Proceed Before a United States Magistrate Judge, Dkt. 10).

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action need be taken, pursuant to the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

ORDER TO DISMISS FOR LACK OF PROSECUTION
- 1

This matter is before the Court on this Court's Order to Show Cause, dated and mailed on January 24, 2017, why this matter should not be dismissed for failure to follow the Court's Scheduling Order. *See* Dkt. 19. Plaintiff was again provided direction on what to include in his opening brief and ordered either to file his opening brief or provide an explanation to the Court why he was not able to file his brief. *Id.* Plaintiff has failed to file anything in response to this Court's Order. For this reason, this action shall be dismissed without prejudice.

## BACKGROUND

Plaintiff, Daniel Goodman, proceeding *pro se* filed his complaint in June, 2016. *See* Dkts. 1, 5[2]. Because plaintiff is proceeding *pro se* and was granted *in forma pauperis* status (Dkt. 4), the Court directed service of the summons and complaint. Dkt. 6. Following two motions for extensions to file the answer (Dkt.11-16), the Acting Commissioner filed the Answer/Administrative Record on November 14, 2016. Dkt. 17. The Scheduling Order was filed and mailed to plaintiff on November 15, 2016. Dkt. 18. This Order directed plaintiff to file an opening brief on or before December 21, 2016. Plaintiff neither filed an opening brief nor asked the Court for more time to do so. This Court issued and mailed to plaintiff an Order to Show Cause on January 24, 2017. Dkt. 19. This Order stated in part:

> If the Court finds that plaintiff failed to file his brief without just cause, the Court could dismiss the case. Local Civil Rule 11(c); *see*

---

[2] The Court notes that on June 10, 2016, *Goodman v. Colvin*, 2:15-cv-01149 JLR-KLS was dismissed without prejudice for lack of prosecution. Plaintiff (*pro se)* failed to file an opening brief, or any document, after filing his complaint.

*also* Fed. R. Civ. P. 41(b).  Given the circumstances in this case, however, the Court would prefer to decide the case on the merits and does not deem the drastic measure of dismissal appropriate at this time.

The Court therefore ORDERS:

(1) Daniel Goodman, plaintiff, must submit to the Court by **February 24, 2017** an opening brief explaining what the ALJ did wrong, with citations to the Administrative Record, what evidence supports plaintiff's position, and why the ALJ's error was harmful, and also must follow the requirements noted in the Scheduling Order (*see* Dkt. 18).

(2) If plaintiff does not file or cannot file an opening brief, he must explain why the case should not be dismissed for failing to follow the Court's scheduling order.  He must submit this explanation to the Court no later than **February 24, 2017**.

(3) If plaintiff files an opening brief or explains why he failed to follow the scheduling order, the Acting Commissioner shall file a response by **March 24, 2017**.

(4) If plaintiff does not file an opening brief or does not explain why he failed to follow the scheduling order, the case shall be dismissed.

(5) The Clerk is directed to mail a copy of this Order to plaintiff at the last known address.

## DISCUSSION

The Court was not willing to risk dismissal of an action before consideration of the merits when "other less drastic alternatives [we]re [] available," in part, due to plaintiff's *pro se* status. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (*citing Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 674 (1981)). The Court provided notice to plaintiff that this matter would be dismissed for lack of prosecution if plaintiff failed to follow the Court's order and file an opening brief. Dkt. 19. Plaintiff has not filed anything since August, 2016, when he filed his consent form, and July, 2016 when he supplemented his signature on his *in forma pauperis* application. *See* Dkts. 3, 10.

## CONCLUSION

As plaintiff has failed to abide by this Court's orders or show cause why this matter should not be dismissed, this matter is dismissed without prejudice for lack of prosecution and the case is closed.

The Clerk is directed to mail a copy of this Order to plaintiff at his last known address.

Dated this 18th day of April, 2017.

J. Richard Creatura
United States Magistrate Judge